# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9300 | **DATE** | 2/24/2004 |
| **CASE TITLE** | Angeline Horaitis vs. Gary Mazur, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Mazur's motion to dismiss is granted in part and denied in part. (8-1) Air Products' motion to dismiss is granted. (7-1) Accordingly Mazur must file his answer to surviving Count II in this Court's chambers on or before March 8, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **FEB 2 7 2004** | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/26/2004 | |
| SN | courtroom deputy's initials | | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELINE HORAITIS,           )
                             )
           Plaintiff,        )
                             )
      v.                     )    No. 03 C 9300
                             )
GARY MAZUR and AIR PRODUCTS  )
EQUIPMENT CO., an Illinois   )
corporation,                 )
                             )
           Defendants.       )

MEMORANDUM OPINION AND ORDER

As a result of the exercise by this Court's colleague Honorable John F. Grady of his 28 U.S.C. § 294(b) prerogative as a senior judge, this action has been reassigned at random from his calendar to that of this Court. That reassignment is accompanied by pending motions that had been noticed up and presented last week by co-defendants Gary Mazur ("Mazur") and Air Products Equipment Co. ("Air Products"). Because neither motion requires any input from counsel for Angeline Horaitis ("Horaitis") -- or, for that matter, any further input from either movant -- this memorandum opinion and order will promptly dispatch them.

For Mazur's part, he has targeted Counts I, II and IV of Horaitis' Complaint for dismissal. That motion is principally but not entirely successful:

1. Count I, an employment discrimination claim that Horaitis brings under Title VII, is dismissed as to Mazur because he is not within the Title VII definition

of "employer" (as is Air Products).

2. Count II, which sounds in assault and battery, is <u>not</u> dismissed. In that respect experienced counsel such as Mazur's should know better than to cite <u>Geise v. Phoenix Co. of Chicago</u>, 159 Ill.2d 507, 639 N.E.2d 1273 (1994) -- and if they did not know better to begin with, they should have learned better by the simple act of Shepardizing <u>Geise</u> (as every lawyer should do before citing any case). That 1994 decision was expressly distinguished just three years later by <u>Maksimovic v. Tsogalis</u>, 177 Ill.2d 511, 687 N.E.2d 21 (1997), which upheld such common law tort claims as assault and battery as outside the scope of the exclusive remedy provision of the Illinois Human Rights Act.

3. By contrast, Count IV (which sounds in the asserted intentional infliction of emotional distress) is pre-empted by that Illinois statute (see, e.g., <u>Quantock v. Shared Mktg. Servs., Inc.</u>, 312 F.3d 899, 905 (7th Cir. 2002)).

Air Products fares better than Mazur: It succeeds in knocking out not only Count IV (for the same reason just discussed as to Mazur) but also Count III, by which Horaitis seeks to stake out a common law claim of retaliatory discharge. In that latter respect, the exclusivity of the Illinois Human

Rights Act bars judicial adjudication of such a claim (see 775 ILCS 5/6-101(A), which creates a statutory claim of retaliatory conduct that must be pursued before the Illinois Department of Human Rights).

Accordingly Mazur must file his answer to surviving Count II in this Court's chambers on or before March 8, 2004. As for Air Products, it has already answered Count I, which is the single claim ascribable to it. Finally, this Court is contemporaneously issuing its customary initial scheduling order, and counsel for all parties are expected to comply with the requirements of that order that precede the next status hearing date.

_____
Milton I Shadur
Senior United States District Judge

Dated:    February 24, 2004