IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELINE HORAITIS,           )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 03 C 9300
                             )
GARY MAZUR, et al.,          )
                             )
            Defendants.      )

MEMORANDUM OPINION AND ORDER

Nearly two months ago Air Products Equipment Co. ("Air Products") filed a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment, properly (and extensively) supported by the materials required by this District Court's LR 56.1(a)(3) to implement such motions. Although the response by plaintiff Angeline Horaitis ("Horaitis") was due on February 24, nothing has been received from that quarter--and that despite more than one follow-up inquiry from this Court's staff (something that this Court has no obligation to do).

That being the case, Air Products' entire LR 56.1(a)(3) statement of material facts is deemed admitted. And even if this Court were to assume the truth of Horaitis' assertions that she was sexually harassed by fellow employee Gary Mazur ("Mazur"),[1]

---

[1] That assumption is really inappropriate in light of Horaitis' silence in response to the current Rule 56 motion. But this opinion will nevertheless indulge the assumption, because Horaitis' case against Air Products is fatally flawed in any event.

and even if Horaitis were to be given the benefit of the doubt as to the sufficiency of Mazur's conduct to create a hostile work environment,[2] there is no question (1) but that Air Products dealt with Horaitis' complaint of harassment reasonably, promptly and appropriately and (2) but that no later incident involving any claimed harassment followed that response on Air Products' part.

As for Horaitis' claim of retaliation, no predicate exists for finding a causal link between her statutorily-protected activity (her complaint about Mazur's conduct) and her termination some two months later. Air Products had contemplated the reorganization of the accounting department in which Horaitis worked, and the need for that department to take on additional responsibilities, well <u>before</u> Horaitis lodged her complaint against Mazur. Air Products' reasons for such reorganization, coupled with its good faith belief that Horaitis could not perform satisfactorily in the reconfigured position, cannot be labeled as pretextual.

All of that being the case, there is no genuine issue as to any material fact, and Air Products is entitled to a judgment as a matter of law. Horaitis' action against Air Products is therefore dismissed with prejudice.

Finally as to Mazur, this Court's February 24, 2004

---

[2] What has just been said in n.1 is true here as well.

2

memorandum opinion and order had dismissed both (1) Horaitis' Title VII claim against him because he was not her "employer" in statutory terms and (2) her Count IV claim of intentional infliction of emotional distress because of the preemption occasioned by the Illinois Human Rights Act. That left only Count II, which sounds in assault and battery--and under the circumstances that state law claim is also dismissed, this time without prejudice to Horaitis' right to advance it in a state court of competent jurisdiction.

                                            */s/ Milton I. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: March 14, 2005